**Harold Lincoln WARD, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 21575.**

United States Court of Appeals
Ninth Circuit.

Jan. 18, 1968.

Donald M. Lasser, Los Angeles, Cal., for appellant.

Wm. Matthew Byrne, Jr., U. S. Atty., Robert L. Brosio, Asst. U. S. Atty., Chief, Criminal Division, Byron B. Kohn, Special Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before BARNES and MERRILL, Circuit Judges, and BELLONI,* District Judge.

PER CURIAM:

Appellant appeals from a judgment of conviction on the second count of a two count indictment charging him with bank robbery.

On the day of his arrest, state police officers visited the appellant's television repair shop, without a warrant, but knowing one had been issued and was outstanding for Ward's arrest on check charges. Upon entering the premises, appellant said he was not Harold Ward, but John Washington; that Ward would return at noon. The officers asked Ward if they could wait for Ward and look around. The officers said he consented. Ward said he did not consent to the search. The officers found money in a coat jacket hanging on the wall. They also found stolen travelers checks, stolen money orders, and false identification papers. Appellant told the officers the coat and money were his, and that the forged instruments belonged to Ward. Sometime before noon, "between 8 and 11" (R.T. p. 66), Ward admitted his identity. The appellant admits he was warned of his constitutional rights immediately after he told the officers his true identity. He was arrested on the basis of the warrant, and the possession of forged instruments, in their presence, both state charges. He was booked at 1:30 P.M. After arrival at the station, it was ascertained that the money had been taken in one of the holdups.

Appellant asserts various errors exist, including an illegal search by state officers, delay in arraignment, error in the admission of photographs of appellant into evidence, as well as the admission of the "decoy money" found in appellant's coat, the "hold-up note," and a transfer ledger (Ex. 9). He also claims there was no proof of intimidation, because the bank teller smiled at him when he demanded money.

(1) There was no proof of collaboration between state and federal officers. Admittedly, Rule 5 of the Federal Rules of Criminal Procedure has no application where a defendant is in state custody, and federal officers did not participate in the arrest, detention or search. A federal detainer was placed against appellant until the state charges on which he was arrested could be determined. He was appointed counsel on the date he was arraigned in the federal court. The federal court had no authority to appoint counsel to defend him on the state charges.

(2) Whether appellant consented to the search or not was a disputed question of fact, determined adversely to appellant by the trial court, which we have no power to disturb if there is sufficient substantial evidence to support that conclusion. There was here.

(3) There was no error with respect to the admission of evidence. The objections urged go to the weight of the evidence, not its admissibility.

(4) On intimidation, appellant asks us to believe him, and not Susan Smith, the teller. This the district court refused to do, as do we.

Affirmed.

* Hon. Robert C. Belloni, United States District Judge, Portland, Oregon, sitting by designation.